UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
FRANCISCO ALONSO and KIMBERLY BEDOYA,

                               Plaintiffs,

                        -against-

CITY OF NEW YORK; Detective DAVID MARCONI, Shield No. 6405; Captain CHRISTOPHER GIAMBRONE; Lieutenant ANDREY SMIRNOV; Police Officer MARTINS; Detective HUMBERTO KIBEL, Shield No. 2547; Detective ESSENCE JACKSON, Shield No. 2268; Detective RIVERA; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

16-CV-1237 (ARR)(PK)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiffs Francisco Alonso ("Alonso") and Kimberly Bedoya ("Bedoya") are residents of Kings County in the City and State of New York.

7. Defendant Detective David Marconi, Shield No. 6405 ("Marconi"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Marconi is sued in his individual capacity.

8. Defendant Captain Christopher Giambrone ("Giambrone"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Giambrone is sued in his individual capacity.

9. Defendant Lieutenant Andrey Smirnov ("Smirnov"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Smirnov is sued in his individual capacity.

10. Defendant Police Officer Martins ("Martins"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Martins is sued in his individual capacity.

11. Defendant Detective Humberto Kibel, Shield No. 2547 ("Kibel"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kibel is sued in his individual capacity.

12. Defendant Detective Essence Jackson, Shield No. 2268 ("Jackson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Jackson is sued in his individual capacity.

13. Defendant Detective Rivera ("Rivera"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rivera is sued in his individual capacity.

14. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

15. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

16. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

17. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18. On October 9, 2015 at 6:20 a.m. plaintiffs were sleeping at 1817 59th Street in Brooklyn, N.Y. when defendants, members of the New York City Police Department dressed in riot gear, forcibly entered under the guise of an alleged search warrant.

19. Defendants refused to show plaintiffs the purported search warrant.

20. Defendants then handcuffed plaintiffs, placed them in the living room, and ransacked their home.

21. The Plaintiffs, in handcuffs, were forcibly removed them from their residence and taken to a police van, in full view of their neighbors.

22. In the medicine cabinet there were magnesium pills. These pills are not illegal and they belonged to Alonso's deceased mother.

23. One of the defendants removed the label from these pills and claimed that a controlled substance had been found.

24. The officers transported plaintiffs to the precinct where they were placed in police cells.

25. Subsequent to arresting plaintiffs, defendants continued to search plaintiffs' residence.

26. No contraband was found.

27. Plaintiffs were taken to the precinct then to Central Booking.

28. Upon seeing a judge, plaintiffs were released without bail.

29. When plaintiffs returned to Court, all charges against them were dismissed.

30. Since this incident, plaintiff Bedoya, for the first time, has suffered from panic attacks.

31. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## **FIRST CLAIM**
**42 U.S.C. § 1983**

32. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

33. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

34. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unlawful Entry and Search**

35. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

37. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
**False Arrest**

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CLAIM**

### **Malicious Prosecution**

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM

### Failure To Intervene

45. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Monell

49. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

50. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

51. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

52. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

53. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

54. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

55. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   October 21, 2016
         New York, New York


                                         /s/
                                    Robert Marinelli
                                    305 Broadway, 9th Floor
                                    New York, New York 10007
                                    (212) 822-1427
                                    robmarinelli@gmail.com

                                    *Attorney for plaintiffs*